**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1281-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.M.-P.

    Defendant-Appellant.

_____

          Submitted April 25, 2018 — Decided June 25, 2018

          Before Judges Koblitz and Manahan.

          On appeal from Superior Court of New Jersey,
          Law Division, Salem County, Indictment No. 12-
          10-0648.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (John Douard, Assistant Deputy
          Public Defender, of counsel and on the brief).

          John T. Lenahan, Salem County Prosecutor,
          attorney for respondent (David M. Galemba,
          Assistant Prosecutor, of counsel and on the
          brief).

PER CURIAM

Defendant M.M.-P.[1] appeals from her April 25, 2013 conviction for fourth-degree child neglect, N.J.S.A. 9:6-3,[2] after a remand from our Supreme Court for reconsideration of the denial of her pre-trial intervention (PTI) application. She successfully completed her sentence of one year of probation prior to the remand. We now reverse, based on the holding in Dep't of Children & Family Servs. v. E.D.-O., 223 N.J. 166 (2015).

On June 12, 2012, defendant went inside a local grocery store, leaving her almost three-month-old infant son asleep in her car. According to defendant, it was raining and the child was not feeling well. Penns Grove police officers found the car locked with the windows rolled up. Approximately five minutes after the police arrived, defendant exited the store with two grocery bags. The infant did not suffer any injury. Defendant had no prior criminal history.

Defendant was indicted for second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). The criminal case manager rejected defendant's PTI application based on the seriousness of the second-degree charge and defendant's appeal was rejected by the trial judge. She then pled guilty to the fourth-degree charge,

---

[1] We use initials pursuant to Rule 1:38-3(c)(5).

[2] The judgment of conviction mistakenly refers to N.J.S.A. 9:6-1.

admitting she had put her son in danger by leaving him unattended in her car, and reserved her right to appeal the denial of her PTI application. She received a one-year probationary term. We affirmed. State v. M.M.-P., No. A-5967-12 (App. Div. Oct. 16, 2014). The Supreme Court granted defendant's petition for certification and remanded to the trial court in light of the Supreme Court's decision in E.D.-O, decided after our opinion. State v. M.M.-P., 223 N.J. 272 (2015). The State opposed defendant's retroactive admission into PTI and the trial court again affirmed the denial.

On appeal, defendant argues:

> POINT I: BECAUSE THE FACTS IN E.D.O. WERE NEARLY IDENTICAL TO THE FACTS IN THE PRESENT CASE, THIS COURT MUST APPLY THE STANDARD FOR FINDING IMMINENT DANGER USED THERE TO DETERMINE WHETHER MS. [M.-P.] POSED AN IMMINENT DANGER TO THE CHILD AT THE TIME OF THE INDICTMENT IN QUESTION. MOREOVER, MS. [M.-P.] WAS DENIED A FULL RECONSIDERATION HEARING FOR THE PURPOSE OF ASSESSING HER PTI ELIGIBILITY AS SHE STOOD BEFORE THE COURT.
>
> A. THE PROSECUTOR'S ATTEMPT TO DISTINGUISH THE PRESENT CASE FROM E.D.O. MISSTATED THE FACTS IN E.D.O. AND FAILED TO APPLY THE PROPER STANDARD FOR FINDING IMMINENT DANGER.
>
> B. CONTRARY TO THE REMAND ORDER, THE PROSECUTOR'S REJECTION OF MS. [M.-P.'s] CURRENT APPLICATION FOR PTI FAILED TO CONSIDER ANY OF THE RELEVANT FACTORS UNDER N.J.S.A. 2C:43-12(e), CONSIDERED IRRELEVANT FACTORS, AND CONSTITUTED A CLEAR ERROR OF JUDGMENT.

PTI is "a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Baynes, 148 N.J. 434, 441 (1997) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). Admission into PTI is "based on a recommendation by the criminal division manager, as Director of the PTI Program, with the consent of the prosecutor." Ibid. (citing R. 3:28(c)(1)).

Guideline 3(i) creates a "presumption against acceptance" into PTI for defendants whose crimes fall into the enumerated categories. Id. at 442. The categories include a defendant charged with a second-degree crime. Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i)(3), following R. 3:28 at 1294 (2018). Our Supreme Court has stated that "a prosecutor may, in appropriate circumstances, reject an applicant solely because of the nature of the offense." State v. Caliguiri, 158 N.J. 28, 36 (1999) (citation omitted). But our Supreme Court has warned: "conditioning a defendant's admission to PTI solely on the nature of his or her offense 'may be both arbitrary and illogical' and that '[g]reater emphasis should be placed on the offender than on the offense.'" State v. Brooks, 175 N.J. 215, 224-25 (2002) (alteration in original) (quoting State v. Leonardis, 71 N.J. 85,

4

102 (1976)). "Presumptions against PTI reflect an assumption that certain defendants 'have committed crimes that are, by their very nature, serious or heinous and with respect to which the benefits of diversion are presumptively unavailable.'" State v. Roseman, 221 N.J. 611, 622 (2015) (quoting State v. Watkins, 193 N.J. 507, 523 (2008), when reversing the denial of PTI for a defendant charged with second-degree official misconduct).

Judicial review of a prosecutor's decision to deny an application for admittance into PTI is limited to whether the defendant has "clearly and convincingly establish[ed] that the prosecutor's decision constitutes a patent and gross abuse of discretion." Watkins, 193 N.J. at 520 (quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007)). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Ibid. (quoting State v. Wallace, 146 N.J. 576, 583 (1996)).

In E.D.-O., a Title 9 child abuse or neglect case, a mother left her sleeping nineteen-month-old child unattended for approximately ten minutes in a locked motor vehicle with the motor running and the windows slightly open in a shopping mall parking lot. 223 N.J. at 169. The Court noted the factors that should be considered in determining whether a parent's decision to leave

a child unattended in a car constitutes neglect. Id. at 193-94. The factors include "the distance between the store and the parked car, the mother's ability to keep the car in sight, how long the car was out of view, how long the child remained unattended, and any extenuating circumstances." Id. at 194. Other relevant circumstances to be considered were "the weather on the day the child is left unattended and the ability of someone to enter the vehicle." Ibid. A fact-finding determination of neglect is not a criminal determination and must be proven only by a preponderance of the evidence. N.J.S.A. 9:6-8.46(b).

Here, defendant was charged with a second-degree crime for behavior very similar to that the Supreme Court found not clearly neglectful in E.D.-O. The fourth-degree crime of child neglect, N.J.S.A. 9:6-3, fits the State's version of the facts as well as the second-degree crime of child endangerment.[3] Certainly, if those facts were no more severe than in E.D.-O., the criminality of the behavior is highly questionable. We therefore determine that the State's refusal to admit defendant into PTI due to the severity of the crime charged was a gross abuse of discretion.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We note that the Supreme Court has heard oral argument on the issue of whether actual harm to the child must be shown for a conviction of the second-degree child endangerment crime. State v. Fuqua, 230 N.J. 560 (2017).

6                                                          A-1281-16T4